Filed 8/26/25  Sharma v. Gomez CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| RAJ SHARMA,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LUIS GOMEZ et al.,<br><br>        Defendants and Appellants. | A168552<br><br><br>(Solano County<br>Super. Ct. No. CU2300585) |

Luis Gomez appeals from an order denying his special motion to strike Raj Sharma's complaint under the anti-SLAPP statute (Code Civ. Proc., § 425.16).[1]  The trial court denied the motion on the basis that none of Sharma's causes of action against Gomez are based on protected activity under section 425.16.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.    *Gomez's 2020 Lawsuit Against Sharma***

On November 13, 2020, Gomez sued Sharma and Sharma's business entity, Sunrise Orchards, alleging breach of a contract to convey real property located in Dixon, California (the property), and related claims.  On November 30, 2020, Gomez recorded a lis pendens with the Solano County

---

[1] All statutory citations are to the Code of Civil Procedure unless otherwise stated.

Assessor–Recorder, which provided notice of Gomez's complaint involving the property.[2]  On July 14, 2022, Solano County Superior Court Judge Christine A. Carringer granted Sharma and Sunrise Orchards's motion to expunge the lis pendens and issued an order stating, "Gomez is ordered to expunge the lis pendens."

## II.  *Sharma's 2023 Complaint Against Gomez and His Counsel*

On April 3, 2023, Sharma sued Gomez and his counsel, Ali Ari Aalaei and Ari Law, P.C., alleging that the defendants damaged Sharma by not removing the lis pendens on the property after the court in the *Gomez v. Sharma* lawsuit ordered removal.  Sharma alleged that he was forced to sell the property at a reduced price because the defendants did not remove the lis pendens.  The complaint attached a copy of the July 14, 2022, order and alleged it required the defendants to remove the lis pendens.  As of March 2, 2023, the defendants had not complied with the order.  Sharma alleged damages "that resulted directly from the negligent and intentional failure of Defendants to remove a lis pendens, even seven (7) months following the Court's Order requiring Defendants to remove the lis pendens, such that Sharma was forced to cut his losses and sell the property with the lis pendens . . . at a reduced price of five hundred thousand dollars ($500,000)."  He alleged professional negligence against Gomez's counsel, and negligent and intentional infliction of emotional distress against all defendants.  He also alleged general negligence and conversion against Gomez only.

---

[2] A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property.  (*Park 100 Investment Group, LLC v. Ryan* (2009) 180 Cal.App.4th 795, 807.)

## III. *Anti-SLAPP Motion*

Gomez filed a special motion to strike pursuant to section 425.16.  The motion argued Sharma's complaint was based on Gomez's protected activity of recording and maintaining a lis pendens in the prior breach of contract action.[3]  Following argument, the trial court (Judge Stephen Grizzi) adopted its tentative ruling denying Gomez's motion to strike.  The trial court's order first explained that it disregarded Gomez's arguments as to the first cause of action, for professional negligence against Gomez's counsel, because Gomez had no standing to move to strike a cause of action not alleged against him.  It then summarized Sharma's causes of action for negligence and negligent and intentional infliction of emotional distress as alleging that Gomez had a duty to remove the lis pendens following the July 14, 2022 court order; Gomez breached the duty by not removing the lis pendens; and the breach damaged Sharma because he had to sell the property for $1.5 million instead of $2 million.  The trial court found:  "None of Sharma's causes of action are founded on protected activity.  In refusing to remove the lis pendens Gomez made no written or oral statement in a judicial proceeding that could qualify as protected conduct under . . . section 425.16, subdivisions (e)(1)–(2).  It cannot be protected activity within a judicial proceeding to maintain a lis pendens in the face of a court order demanding that lis pendens' expungement.  Where the evidence conclusively establishes that conduct is illegal as a matter of law, that conduct is not protected activity, and the evidence available conclusively establishes that Gomez had been ordered to expunge the lis pendens.  (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 305

---

[3] Gomez's motion states that Gomez is the only movant, but it appears to argue the entire complaint (including the professional negligence cause of action against only Gomez's counsel) should be struck.

[conduct illegal as a matter of law not protected]; CU23-00585 Complaint, Exhibit 2 [July 14, 2022 order stating 'Gomez is ordered to expunge the lis pendens'].) Gomez's inaction cannot be construed as a statement or conduct in furtherance of the exercise of the rights of petition or free speech under subdivisions (e)(3) or (e)(4) either because it does not relate to a matter of public importance. The four [*sic*] causes of action based on the lis pendens are not based on protected activity. The last cause of action, for conversion, is based on Gomez's alleged refusal to allow Sharma access to his own property, which is also not a form of protected conduct."

## DISCUSSION

### I. *Legal Framework*

Section 425.16 provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) The statute is "designed to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern." (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 883–884 (*Wilson*).)

"A court evaluates an anti-SLAPP motion in two steps. 'Initially, the moving defendant bears the burden of establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged. [Citations.] If the defendant carries its burden, the plaintiff must then demonstrate its claims have at least "minimal merit." ' [Citation.]" (*Wilson, supra*, 7 Cal.5th at p. 884.) Both prongs of the anti-SLAPP statute must be satisfied for a claim to be struck under the statute. (*Aguilar v.*

4

*Goldstein* (2012) 207 Cal.App.4th 1152, 1159.)  If a court finds the defendant has not satisfied the first prong, it must deny the motion and there is no need to consider the second step.  (*Ibid.*)  We review the denial of a special motion to strike de novo.  (*Ibid.*)  However, our de novo review does not relieve defendant of his duty to present reasoned arguments supporting his position that his anti-SLAPP motion should have been granted.  (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

A "claim arises from protected activity when that activity underlies or forms the basis for the claim. . . .  [T]he focus is on determining what 'the defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning.'  [Citation.]  'The only means specified in section 425.16 by which a moving defendant can satisfy the ["arising from"] requirement is to demonstrate that *the defendant's conduct by which plaintiff claims to have been injured* falls within one of the four categories described in subdivision (e) . . . .'  [Citation.]  In short, in ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability."  (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1062–1063, 1st bracketed insertion added, italics added by *Park* (*Park*).)

Section 425.16, subdivision (e) defines " 'act[s] in furtherance of a person's right of petition or free speech . . . in connection with a public issue' " to include: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,

5

(3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

## II. *Gomez Fails to Establish that the Causes of Action Against Him Arise from Protected Activity*

Gomez's opening brief argues the trial court erred in denying his anti-SLAPP motion because recording a lis pendens is protected activity under Code of Civil Procedure section 425.16, subdivision (e)(2), which states that protected activity is "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body" and that it is also protected by the litigation privilege under Civil Code section 47, subdivision (b)(4). He cites case law holding that recording a lis pendens is a writing in connection with an issue under consideration by a judicial body and which, therefore, falls " 'squarely within' " Code of Civil Procedure section 425.16, subdivision (e). (*Manhattan Loft, LLC v. Mercury Liquors, Inc.* (2009) 173 Cal.App.4th 1040, 1050.) Gomez's opening brief includes a subheading stating that the complaint arose from protected conduct. However, he provides no analysis of how his alleged failure to comply with the July 14, 2022 court order to expunge the lis pendens is a "written or oral statement or writing" (Code Civ. Proc., § 425.16, subd. (e)) and, instead, simply states that because "[t]he publication of the lis pendens was absolutely privileged . . . the Superior Court should have found that the anti-SLAPP statue applied." (Italics omitted.) Gomez's conclusory analysis of his threshold burden to establish the claims against him "arise out of" protected activity recharacterizes the claims as based on the initial recording of the lis pendens, and ignores the trial court's finding that the allegations

6

against him are based on his *failure* to comply with the court order to expunge the lis pendens.

As explained in *Park*, "a claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just . . . a step leading to some different act for which liability is asserted." (*Park, supra*, 2 Cal.5th at p. 1060.) The moving defendant must demonstrate that "*the defendant's conduct by which plaintiff claims to have been injured* falls within one of the four categories described in subdivision (e) [of section 425.16]." (*Id.* at p. 1063.) Gomez fails to meet his burden of establishing that Sharma's causes of action against him arise out of protected activity within the meaning of section 425.16, subdivision (e). He provides no analysis of the elements of each cause of action asserted against him and does not explain how his alleged actions supply those elements and form the basis of liability. (*Park*, at p. 1063.)

As the trial court explained, the causes of action for negligence and negligent and intentional infliction of emotional distress all allege Gomez had a duty to remove the lis pendens following the July 14, 2022, court order; breached that duty; and caused Sharma damages. The complaint alleges damages "that resulted directly from the negligent and intentional *failure* of Defendants to remove a lis pendens, even seven (7) months following the Court's Order requiring Defendants to remove the lis pendens, such that Sharma was forced to cut his losses and sell the property with the lis pendens . . . at a reduced price of five hundred thousand dollars ($500,000)." (Italics added.) *Park* teaches that in evaluating prong 1 of the anti-SLAPP analysis, we must "respect the distinction between activities that form the basis for a claim and those that merely lead to the liability-creating activity or provide evidentiary support for the claim." (*Park, supra*, 2 Cal.5th at p. 1064.)

"[A] claim does not 'arise from' protected activity simply because it was filed after, or because of, protected activity, or when protected activity merely provides evidentiary support or context for the claim." (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 621.)

We agree with the trial court that Sharma's claims against Gomez for negligence and negligent and intentional infliction of emotional distress do not arise out of protected conduct under section 425.16, subdivision (e). The claims are not based upon Gomez's initial recording of the lis pendens but, instead, are based on Gomez's alleged failure to remove the lis pendens after the court ordered that Gomez "expunge the lis pendens." Gomez fails to persuade us that Sharma's claims "arise from" protected activity simply because they involve a lis pendens. The initial recording of the lis pendens provides context for the claims against Gomez, but it is not the activity that provides the basis for the claims. (*Rand Resources, LLC v. City of Carson, supra*, 6 Cal.5th at p. 621.)[4]

---

[4] Belatedly in his reply brief, Gomez attempts to reduce the "arising from" requirement to a "but for" analysis. He cites *O&C Creditors Group, LLC v. Stephens & Stephens XII, LLC* (2019) 42 Cal.App.5th 546, 567, as support for his assertion that he has met his "arising out of" threshold burden by demonstrating that the claims against him "would not exist, but for" the recording of the lis pendens. Gomez quotes *O&C Creditors Group*'s statement that "the challenged claims are founded upon and would not exist in absence of the protected settlement activity; the cross-claims thus ' "arise from" ' and are ' "based on" ' the settlement agreement, making them subject to the provisions of the anti-SLAPP statute" (*O&C Creditors Group*, at p. 567) and, from there, argues that his burden is satisfied merely by showing that the claims asserted against him "would not exist, but for the protected activity." Gomez's reliance on an isolated quotation from *O&C Creditors Group* without providing the relevant context is unpersuasive. *O&C Creditors Group* detailed the cross-claims at issue and found that they were based on and arose from a purportedly wrongful settlement agreement which was a "a statement and writing 'made in connection with an issue

We note that the trial court also relied upon *Flatley v. Mauro* (2006) 39 Cal.4th 299, which held that conduct illegal as a matter of law is not protected activity under the anti-SLAPP statute. (*Id.* at p. 333.) *Flatley* involved criminal extortion in the context of settlement demands. (*Id.* at pp. 326–330.) The trial court here found that the evidence conclusively established that Gomez was ordered to expunge the lis pendens. The parties do not dispute that the July 14, 2022, order states, "Gomez is ordered to expunge the lis pendens." However, Gomez's reply brief argues that the illegal conduct exception does not apply because his conduct was not criminal and the continued publication was not illegal as a matter of law. We need not decide these issues because even if Gomez's alleged failure to comply with the court order does not fall within the illegality exception under *Flatley*, he has still failed to demonstrate that Sharma's claims arise from protected activity.

We find the factual scenario and analysis of *Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624 more closely analogous. There, the Court of Appeal affirmed the denial of an anti-SLAPP motion filed by attorneys who were sued for litigation-related malpractice. (*Id.* at p. 627.) The *Jespersen* court rejected the defendants' argument that the complaint was based on their activity in filing documents in the underlying litigation and explained that "a moving defendant's burden to show a ' " 'cause of action . . . arising from' " ' is not met simply by showing that the label of the lawsuit

---

under consideration or review by a . . . judicial body.' " (*Id.* at p. 571.) Here, in contrast, the complaint is based on Gomez's alleged failure to comply with the court order. The fact that the July 14, 2022, court order refers to a previously recorded lis pendens does not make Gomez's inaction protected activity; nor is his inaction a statement or writing within the meaning of section 425.16, subdivision (e). (*Park, supra*, 2 Cal.5th at p. 1060 [speech or petitioning activity itself must be the basis for liability].)

9

appears to involve the rights of free speech or petition; he or she must demonstrate that the substance of the plaintiff's cause of action was an act in furtherance of the right of petition or free speech." (*Id.* at p. 630, italics omitted.) In analyzing the "arising out of" prong, the *Jespersen* court "discern[ed] that [defendants'] conduct allegedly consisted of (1) a *failure* to serve timely discovery responses, resulting in a waiver of objections . . . ; (2) a *failure* to comply with a court order to serve responses without objections; and (3) a *failure* to comply with a second court order. Thus, . . . the alleged attorney malpractice did not consist of any act in furtherance of anyone's right of petition or free speech, but [defendants'] negligent *failure* to do so on behalf of their clients." (*Id.* at p. 631.) It further rejected one defendant's argument that a declaration she filed in the underlying action, in which she admitted she continued to apply her interpretation of a discovery request and refused to produce documents despite a court order to do so, was protected speech from which the cause of action arose. (*Id.* at pp. 631–632.) *Jespersen* explained the challenged cause of action was not based on the defendant attorney's declaration. Instead, the defendants were sued for "their failure to comply with a discovery statute and two court orders to do so," and they failed to demonstrate that such alleged failures were protected activity under the anti-SLAPP statute. (*Id.* at p. 632.)

Similarly, here, Gomez was not sued for recording the lis pendens initially, but for his failure to comply with the order that he expunge the lis pendens. Gomez's attempt to distinguish *Jespersen* on the basis that the claims against him are not for legal malpractice is unavailing. Gomez's alleged failure to comply with the court order is not a "written or oral statement or writing" under section 425.16, subdivision (e)(1)–(3). (*Callister v. James B. Church & Associates, P.C.* (2025) 108 Cal.App.5th 185,

10

196 ["[U]nder the plain language of the anti-SLAPP statute, '[a] failure to speak cannot fall in any of the first three categories, which protect only "statement[s] or writing[s]," and not the failure to make them' " (1st bracketed insertion added)].)[5]

Sharma's complaint also asserts a cause of action for conversion alleging that "Gomez wrongfully exercised control over Sharma's personal property agriculture" and that Gomez "has and continues to substantially interfere with Sharma's attempt to care for the agriculture, by not allowing Sharma possession of the agriculture portion of the Subject Property, pending eviction of Gomez." (*Sic.*) As the trial court correctly found, this cause of action is based on Gomez's alleged refusal to allow Sharma access to his own property, which is not protected conduct under the anti-SLAPP statute. Gomez's briefing does not even mention the conversion cause of action, much less explain how it is based on or arises from protected conduct.

We agree with the trial court that Gomez failed to make a threshold showing that the causes of action against him arise from protected activity. Accordingly, the burden does not shift to Sharma to demonstrate that his claims have minimal merit, and we need not reach the second prong of the anti-SLAPP analysis. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 [only "[i]f

---

[5] Gomez's briefing does not argue that his alleged failure to comply with the July 14, 2022, court order constitutes "other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest" under subdivision (e)(4) of section 425.16, and we do not consider this issue. (*Allen v. City of Sacramento, supra,* 234 Cal.App.4th at p. 52 ["We are not required to examine undeveloped claims or to supply arguments for the litigants"].)

11

the court determines that relief is sought based on allegations arising from activity protected by the statute" is the "second step . . . reached"].)[6]

## DISPOSITION

The order denying Gomez's anti-SLAPP motion is affirmed. Sharma is entitled to his costs on appeal.

Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.

A168552/*Sharma v. Gomez*

---

[6] Sharma filed a request for judicial notice asking that we take notice of the following documents: "(1) the complaint filed in Solano Superior Court case number CU23-05722 by Luis Gomez and as against Raj Madam and Raj Sharma, on December 5, 2023, (2) the Minute Order dated August 27, 2024 denying Sharma's motion to strike Gomez's complaint filed in case number CU23-05722 and filed with the Court on September 4, 2024, (3) Notice of Trial and Management Orders in case number CU23-05722 filed on January 6, 2025, (4) Gomez's Notice of Motion and Motion to Consolidate cases filed in Case No FCS055666 with Related Cases FCS059299, CU23-00585, CU23-05722 on January 16, 2025, and (5) Gomez's Memorandum of Points & Authorities In Support of Notice of Motion and Motion to Consolidate cases filed in Solano Superior Court case number FCS055666 on January 16, 2025." Sharma states that these matters occurred after the July 21, 2023 order that is the subject of this appeal. He asserts the related litigation in Solano County Superior Court case Nos. CU23-05722 and FCS055666 "embody the petitioning activity that is at-issue on the present appeal, including the issues in contemplation of litigation at the time" and that the setting of a trial date in Solano County Superior Court case No. CU23-05722 "weighs in favor of this Court determining the second-step of the Anti-SLAPP analysis . . . ." We are unpersuaded that the matters Sharma requests we notice are relevant to the issues in this appeal. We deny the request for judicial notice.